UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NARVIEZ V. ALEXANDER,  )
 ) 3:12-cv-00535-MMD-VPC
Plaintiff, )
 )
v. ) **ORDER**
 )
JAMES KEENER, *et al.*, )
 )
Defendants. ) December 3, 2013
 )

This is a *pro se* prisoner case pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's motion to supplement amended complaint (#63).[1] Defendants opposed (#70), and plaintiff filed a motion to strike the opposition (#75). As set forth below, plaintiff's motions are denied.

On October 30, 2013, plaintiff filed what he styled as a motion to supplement plaintiff's amended complaint (#63). Plaintiff, however, fails to set forth any argument in his motion to explain why he should be given leave to "supplement" the amended complaint that he filed on August 5, 2013 (#38) with this court's leave (#37). He relies only on Federal Rule of Civil Procedure 15(d): "on motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *Id.* at 2. Despite invoking Rule 15(d) in order to "supplement" by adding subsequent occurrences or events, plaintiff mainly seeks to add three defendants. *See, e.g., id.* at 3-6.

---

[1] Refers to the court's docket number.

Defendants oppose the motion, arguing that it is untimely, fails to comport with the local rules, will prejudice defendants and will cause undue delay (#70).[2]

First, the court directed in the May 28, 2013 Scheduling Order that the parties file any amendments to the pleadings within sixty days from the date of that order (#20, p. 1). Therefore, the parties were required to file and serve timely motions to amend the pleadings no later than July 29, 2013. Thus, the instant motion to supplement the amended complaint is untimely.

Second, plaintiff's filing fails to comport with the Local Rules of Practice of the U.S. District Court, District of Nevada. Local Rule 15-1 requires that a party shall attach the proposed amended pleading to any motion to amend a pleading. Plaintiff has not attached an original proposed amended pleading, but instead lists in his motion the changes he wishes to make to his amended complaint (*see* #63).

Third, while, plaintiff insists he seeks to "supplement" his amended complaint pursuant to Fed. R. Civ. P. 15(d), he mainly wants to add defendants that he claims were also involved in the alleged civil rights violations set forth his amended complaint.[3] Rule 15(a) governs such changes and directs that the court should grant leave to amend freely when justice requires. However, the court need not grant leave to amend when the amendment produces undue delay in litigation, prejudices the opposing party or is sought in bad faith. *Bowles v. Reade*, 198 F.3d 752, 757-758 (9th Cir. 1999); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). The court's discretion to permit amendment is particularly broad when the court has previously provided a party the opportunity to amend. *DCD*

---

[2] Plaintiff is correct that defendants fail to acknowledge that he purportedly brought his motion to supplement pursuant to Fed. R. Civ. P. 15(d), not Rule 15(a) (#75).

[3] While plaintiff apparently also wants to add allegations regarding a September 3, 2013 "mock reclassification hearing," he offers no explanation as to why he waited almost sixty days to seek to supplement his complaint.

*Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987). Further, the Ninth Circuit has concluded that "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

Here, the court previously granted plaintiff leave to file an amended complaint on August 5, 2013 (#s 37, 38). Discovery is now closed. Allowing a second amended complaint, or plaintiff's "supplement," at this late stage in litigation would cause undue delay and would prejudice defendants. Plaintiff has offered no explanation whatsoever for such delay; as such, he has certainly not demonstrated "good cause." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("good cause" exists where a party, despite acting diligently, is unable to meet the court's time table). Accordingly, plaintiff's motion to supplement amended complaint (#63) is **DENIED**. Plaintiff's motion to strike (#75) is also **DENIED**.

IT IS SO ORDERED.

DATED: December 3, 2013.

_____
UNITED STATES MAGISTRATE JUDGE