UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NARVIEZ ALEXANDER,<br><br>                              Plaintiff,<br>v.<br><br>JAMES KEENER, et al.,<br><br>                              Defendants. | Case No. 3:12-cv-00535-MMD-VPC<br><br>ORDER<br><br>(Plf's Objections re LR IB 3-1 – dkt. no. 33;<br>Plf's Motion for Sanctions – dkt. no. 67) |

**I.    SUMMARY**

Before the Court are Plaintiff Narviez Alexander's Objections re LR IB 3-1 (dkt. no. 33) and Motion for Sanctions (dkt. no. 67). For the reasons discussed below, the objections are overruled and denied, and the Motion for Sanctions is denied.

**II.    BACKGROUND**

The facts and allegations of this case are set out in the Court's screening order. (Dkt. no. 3.) Plaintiff is currently incarcerated. On June 12, 2013, Plaintiff moved for a court order granting Plaintiff private access to a prison copy machine. (Dkt. no. 24.) In a minute order entered on July 17, 2013, Magistrate Judge Valerie P. Cooke denied Plaintiff's motion ("Judge Cooke's Minute Order"). (Dkt. no. 31.) Plaintiff objects to Judge Cooke's Minute Order. Defendants filed a response to Plaintiff's objections (dkt. no. 34) and Plaintiff filed a reply (dkt. no. 39.)

Plaintiff also moved for sanctions regarding a factual error in one of Defendants' pleadings.

## III. DISCUSSION

### A. Plaintiff's Objections to Judge Cooke's Minute Order

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law.")

This standard of review is significantly deferential to the initial ruling. "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). The order "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal.2007). The Court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir.1991). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Conant v. McCoffey*, C 97-0139, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16, 1998).

Plaintiff moved for private access to a prison copy machine for the "copying and submission of documents that could implicate him as an informant, and would further place his life in jeopardy if he had to give those documents to another inmate to make copies of." (Dkt. no. 33 at 3.) Judge Cooke's Minute Order denied Plaintiff's motion because: (1) "documents that [P]laintiff files will become part of the [C]ourt's public record; (2) "any documents that [P]laintiff wishes to copy are likely located in his cell which allows them to potentially be seen by other inmates"; and (3) Plaintiff's request is unprecedented and without justification. (Dkt. no. 31.)

///

2

Plaintiff's objection repeats arguments made in his initial motion, and the Court "may not simply substitute its judgment" for that of Judge Cooke. See *Grimes*, 951 F.2d at 241. As Plaintiff recognizes, his request is without precedent. (Dkt. no. 33 at 4.) Plaintiff therefore cannot articulate an incorrect legal standard that Judge Cooke's Minute Order applied or an element that Judge Cooke failed to consider. Instead, Plaintiff generally discusses his right of access to the courts but does not argue that he is forbidden in any way from filing exhibits with the Court. He argues that his ability to file exhibits regarding his actions as an informant will be negatively affected by having to give said exhibits to another inmate to copy, which is institution policy. While Plaintiff's concerns are well-taken, the Court cannot conclude that Judge Cooke's Minute Order was contrary to law or clearly erroneous. Judge Cooke considered the pleadings and gave clear reasons for her decision. While Plaintiff argues that he will be able to destroy copies of his exhibits before other inmates have a chance to see them, he does not address the fact that his exhibits will become public record once filed. This alone provides an adequate basis for Judge Cooke's Minute Order.

### B.   Motion for Sanctions

"Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). Plaintiff acknowledges that he did not comply with the procedural requirements of Rule 11, and thus seeks sanctions under the Court's inherent authority only. (Dkt. no. 76 at 2.)

Federal courts have the inherent power to punish conduct which abuses the judicial process, including accessing attorneys' fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NSDCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citation omitted). When imposing sanctions under its inherent authority, a court must make an explicit finding of bad faith or willful misconduct. *In re*

*Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003). Negligence cannot sustain a sanction under a court's inherent authority. *Zambrano v. City of Tustin*, 885 F.2d 1473, 1485 (9th Cir. 1989). In addition, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

In Defendants' Supplemental Opposition to Plaintiff's Motion for Preliminary Injunction or TRO, Defendants state that Plaintiff was transferred to ESP to serve his disciplinary sentence. (Dkt. no. 62 at 4, 5.) Plaintiff sent a letter informing Defendants' counsel that his disciplinary sentence had expired by the time he was transferred to ESP. (Dkt. no. 72, Ex. A.) In response, Plaintiff filed an Errata, which removed the reference to Plaintiff's "disciplinary" sentence but still asserted that Plaintiff was transferred to ESP following a hearing and a determination of guilt. (Dkt. no. 64.)

Plaintiff's preliminary injunction or TRO argument is that he was transferred to ESP as retaliation for his civil suit. Plaintiff argues that Defendants' error is significant because it assigns a purpose to his transfer that did not exist. The Court recognizes the importance of the factual distinction but cannot conclude that the error was made in bad faith. This is admittedly a close call. Defendants should have been aware of the reasons for Plaintiff's transfer to ESP or should have been able to investigate those reasons before making representations to the Court. However, the Court recognizes that the error could have been an honest mistake. Further, Defendants did correct the error as soon as they were made aware of it and also gave Plaintiff an opportunity to respond to their correction. The Court finds Defendants' error to be improper but not sufficiently reckless so as to constitute the bad faith required to justify sanctions.

///
///
///
///
///
///

## IV. CONCLUSION

It is therefore ordered that Plaintiff's Objections (dkt. no. 33) are overruled and denied.

It is further ordered that Plaintiff's Motion for Sanctions (dkt. no. 67) is denied.

DATED THIS 10th day of February 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE