UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NARVIEZ ALEXANDER,<br><br>Plaintiff,<br><br>v.<br><br>JAMES KEENER, et al.,<br><br>Defendants. | Case No. 3:12-cv-00535-MMD-VPC<br><br>ORDER<br><br>(Plf.'s Objection to Report and Recommendation – dkt. no. 91) |

## I. SUMMARY

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke ("R&R") (dkt. no. 90), primarily relating to Plaintiff's Motion for Partial Summary Judgment (dkt. no. 53) and Defendants' Motion to Dismiss for Failure to Exhaust and/or in the Alternative Motion for Summary Judgment (dkt. no. 73). The Court has considered the objection and the response. For the reasons discussed below, the R&R is adopted in part and rejected in part.

## II. BACKGROUND

The facts and background of this case are fully set out in the R&R.

The Amended Complaint alleges causes of action as Counts I through IV. Plaintiff's Motion for Partial Summary Judgment (dkt. no. 53) asks for summary judgment as to Counts I, II and III. Defendants' Motion to Dismiss for Failure to Exhaust (dkt. no. 73) asks for dismissal as to all counts and Defendants' Alternative Motion for Summary Judgment (dkt. no. 73) asks for summary judgment as to all counts.

The R&R recommends that the Court: (1) deny Plaintiff's Motion for Partial Summary Judgment (dkt. no. 53); (2) grant Defendants' Motion to Dismiss for Failure to Exhaust (dkt. no. 73) as to Count IV only; (3) grant Defendants' Alternative Motion for Summary Judgment (dkt. no. 73) as to Counts I, II and III; (3) deny Plaintiff's Motion for Sanctions (dkt. no. 67); (4) deny Plaintiff's Motion to Strike (dkt. no. 77); and (5) deny all remaining motions as moot (dkt. nos. 10, 11, 80, 84, 86).

Plaintiff objects to the R&R's treatment of Counts I, II and III. (See dkt. no. 91 at 13.) Defendants filed a response. (Dkt. no. 92.)

### III.   LEGAL STANDARD

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### IV.   ANALYSIS

While Plaintiff only objects to the R&R's recommendation as to Counts I, II and III, the Court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendations as to all of Plaintiff's claims.

#### A.   Count IV

The Court adopts in full the R&R's recommendations regarding Count IV, which asserts a First Amendment retaliation claim. The Prison Litigations Reform Act (PLRA) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required "before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 731 (2001). The Court agrees with the R&R that Plaintiff failed to

exhaust his administrative remedies before filing the Amended Complaint. Plaintiff filed the Amended Complaint on August 5, 2013, (dkt. no. 38), but did not receive the response to his second level grievance until September 2013 (dkt. no. 73, Ex. M). The Court thus finds good cause to adopt the R&R's recommendations that Defendants' Motion to Dismiss for Failure to Exhaust (dkt. no. 73) be granted as to Count IV.

The Court further agrees that Defendants' Motion to Dismiss for Failure to Exhaust (dkt. no. 73) should be denied as to Counts I, II, and III because Plaintiff has demonstrated that he was transferred from Lovelock Correctional Center (LCC) to Northern Nevada Correctional Center (NNCC) right after submitting his second level grievances as to those claims. (Dkt. no. 81 at 21–23.) He never received a response and was unable to investigate from his new detention facility. (*Id.*)

### B.    Count I

The Court also adopts the R&R's recommendation regarding Count I, which asserts a claim of deliberate indifference to safety risk in violation of the Eighth Amendment. "To prevail on a claim of deliberate indifference to safety under the Eighth Amendment, a plaintiff must show (1) that he has been 'incarcerated under conditions posing a substantial risk of serious harm' and (2) that the prison official knew of and disregarded this risk." *Hamilton v. Hernandez*, 500 F. App'x 592, 594 (9th Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994)). Plaintiff submitted kites requesting a cell transfer because of incompatibility with his cellmate. (Dkt. no. 38 at 7-9.) The Amended Complaint alleges that Plaintiff was particularly concerned about his cellmate's misconduct, for which he understandably did not want to be held responsible. (*Id.*) Plaintiff told Defendant Hegge that he did not want to get in trouble for his cellmate's possession of contraband. (*Id.*) Defendant Hegge asked Plaintiff if he feared for his safety and Plaintiff said no. (Dkt. no. 73, Ex. A at 2; dkt. no. 53, A at 3-4.) Defendant Byrne told Plaintiff "if you are in fear for your safety, contact staff." (Dkt. no. 38 at 8.) When his cellmate brandished a knife, Plaintiff submitted an anonymous kite. (Dkt. no. 38 at 7-9; dkt. no. 53 at 43-45.) Plaintiff's objection argues that his complaints about

incompatibility, not getting along with his cellmate, and his complaint to Defendant Hegge that his cellmate had contraband, should be enough to create a genuine issue of material fact as to whether Defendants drew an inference of a safety risk. (Dkt. no. 91 at 4-6.)

The Court disagrees and finds that Plaintiff has not demonstrated a genuine issue of material fact that Defendants knew and disregarded a "substantial risk of serious harm." *Hamilton*, 500 F. App'x at 594. Defendants were aware that Plaintiff and his cellmate did not get along and that his cellmate engaged in misconduct involving contraband. Plaintiff was told to contact staff with safety concerns and he did not, apart from his anonymous kite. The Court therefore adopts the R&R's recommendation that Plaintiff's Motion for Partial Summary Judgment (dkt. no. 53) be denied and Defendants' Alternative Motion for Summary Judgment (dkt. no. 73) be granted as to Count I.

### C.    Count II

The Court adopts the R&R's recommendation as to Count II, which asserts a Fourteenth Amendment due process claim. Plaintiff asserts that his due process rights were violated when Defendants detained him in administrative segregation. "A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir. 2002).

Plaintiff objects to the R&R because "it fail[s] to address [Plaintiff's] state-created liberty interest claims" under *Sandin v. Conner*, 515 U.S. 472 (1995). (Dkt. no. 91 at 10.) As Plaintiff correctly points out in his objection, liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983), abrogated in part on other grounds by *Sandin*, 515 U.S. 472 (1995). The Due Process Clause does not confer a liberty interest in freedom from state action taken "within the normal limits or range of custody which the conviction has authorized the State to impose." *Sandin*, 515 U.S. at 478 (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). The Due Process Clause does not afford prisoners a liberty interest in being free from

4

1 intrastate prison transfers, *Meachum*, 427 U.S. at 225, or in remaining in the general
2 prison population. *Hewitt*, 459 U.S. at 468; *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir.
3 1997) ("administrative segregation falls within the terms of confinement ordinarily
4 contemplated by a sentence"). In *Sandin*, the Court found that a prisoner may have a
5 liberty interest in avoiding transfer to particular conditions of confinement if the transfer
6 "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary
7 incidents of prison life." *Sandin*, 515 U.S. at 484. Because administrative detention falls
8 within the terms of ordinary confinement, Plaintiff does not have a liberty interest in being
9 free from administrative segregation.

10 Even if the Court finds that a state-created liberty interest exists, however, the
11 Court must still determine what process is due under the Fourteenth Amendment and
12 whether Defendants have provided the process due. *Wolff v. McDonnell*, 418 U.S. 539,
13 556 (1974); *Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir. 1984). While the R&R does
14 not address whether or not there is a genuine issue of material fact as to whether
15 Plaintiff was deprived of a state-created liberty interest, such an analysis is not
16 necessary because the R&R concludes that Plaintiff was provided all the process due
17 under the Fourteenth Amendment. The Court agrees with the R&R's analysis.

18 For placement in administrative segregation, an inmate must "receive some notice
19 of the charges against him," *Hewitt*, 459 U.S. 460, 476 (1983), or "notice of the factual
20 basis leading to consideration" for confinement, *Wilkinson v. Austin*, 545 U.S. 209, 225-
21 26 (2005).[1] The notice must be delivered "within a reasonable time following an inmate's
22 transfer" in order to be effective in helping the inmate prepare a defense at his hearing.
23 *See Hewitt*, 459 U.S. at 476 n.8; *see also Toussaint v. McCarthy*, 801 F.2d 1080, 1100
24 (9th Cir. 1986) abrogated in part on other grounds by *Sandin*, 515 U.S. 472 (1995)

---

[1] "Although [*Sandin*] abrogated *Hewitt's* 'methodology for establishing the liberty interest,' *Hewitt* 'remain[s] instructive for [its] discussion of the appropriate level of procedural safeguards.'" *Lira v. Herrera*, 448 F. App'x 699, 701 n.1 (9th Cir. 2011) (*citing Wilkinson*, 545 U.S. at 223).

("Prison officials must hold an informal nonadversary proceeding within a reasonable time after the prisoner is segregated.")

Plaintiff was moved to administrative segregation and received notice of his administrative segregation hearing on January 20, 2012, which stated that he was being moved for reason of the "safety [and] security of the institution." (Dkt. no. 73, Ex. N at 6.) Five days later, an informal evidentiary review occurred and determined that Plaintiff should be placed in administrative segregation for "safety [and] security of the institution." (*Id.* at 5.) Plaintiff received subsequent evidentiary reviews every thirty (30) days. (*Id.*) Defendants provide authenticated case notes from the informal evidentiary review on January 25, 2012, which indicate that Plaintiff was questioned about prison made weapons and denied they were his. (Dkt. no. 73, Ex. C at 14.) In his objection, Plaintiff asserts that he was not informed of the reason for being placed into administrative segregation "until [he] attended [his] January 25, 2012, due process hearing" but that he was "still never informed of the specifics" of the investigation. (Dkt. no. 91 at 8.)

The Court concludes, based on the evidence in the record, that Plaintiff received the process he was due. Within five (5) days of being moved, Plaintiff knew that he was placed in administrative segregation for the "safety [and] security of the institution" pending an investigation involving prison made weapons. Although Plaintiff did not receive all of the specifics of the investigation, he had "some notice of the charges against him" within "a reasonable time" following his transfer and received regular informal evidentiary reviews. *See Hewitt*, 459 U.S. at 476.

The Court therefore adopts the R&R's recommendation that Plaintiff's Motion for Partial Summary Judgment (dkt. no. 53) be denied and Defendants' Alternative Motion for Summary Judgment (dkt. no. 73) be granted as to Count II.

**D.   Count III**

The Court adopts the R&R's recommendation as to Count III, which asserts that Plaintiff's Fourteenth Amendment due process rights were violated at his disciplinary

hearing. The R&R found that Plaintiff was afforded due process because he received written notice of charges at least twenty four (24) hours before the disciplinary hearing, had an opportunity to call witnesses and present documentary evidence, and there was "some evidence" to support a guilty finding. (Dkt. no. 90 at 24.) Plaintiff's objection asserts that his claim should go to a jury because "potentially helpful" evidence was withheld in violation of Brady v. Maryland, 373 U.S. 83 (1963). (Dkt. no. 91 at 11-12.) However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. The Court is not aware of any controlling authority that states Brady should apply to prison disciplinary procedures. Upon review of the record, the R&R and Plaintiff's objection, the Court concludes that the procedural due process requirements of Wolff were satisfied in this case.[2]

The Court therefore adopts the R&R's recommendation that Plaintiff's Motion for Partial Summary Judgment (dkt. no. 53) be denied and Defendants' Alternative Motion for Summary Judgment (dkt. no. 73) be granted as to Count III.

### E.  Remaining Motions

Plaintiff does not object to the R&R's analysis of the remaining motions (dkt. nos. 10, 11, 67, 77, 80, 84, 86). Nevertheless, the Court reviews the R&R's analysis de novo. Upon review of the record, the R&R and Plaintiff's objection, the Court determines that it agrees with the R&R's analysis. The Court notes, however, that it has already resolved dkt. no. 67, Plaintiff's Motion for Sanctions. (See dkt. no. 89.) The Court therefore rejects the portion of the R&R's analysis and recommendation that pertains to dkt. no. 67.

### V.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

---

[2] As with Count II, Plaintiff's objection regarding Count III similarly argues that the R&R fails to consider Plaintiff's state-created liberty interest under Sandin. As previously mentioned, even if the Court accepts that a liberty interest exists, Defendants provided the process due under the Fourteenth Amendment.

determines that they do not warrant discussion or reconsideration as they do not affect the outcome of this order.

It is hereby ordered that the R&R (dkt. no. 90) is adopted in part and rejected in part. The Court rejects the R&R's analysis and recommendation as it relates to Plaintiff's Motion for Sanctions (dkt. no. 67), which was resolved by the Court in a previous order (dkt. no. 89). The rest of the R&R's analysis and recommendations are accepted and adopted in full.

It is therefore ordered that Plaintiff's Motion for Partial Summary Judgment (dkt. no. 53) is denied. Defendants' Motion to Dismiss for Failure to Exhaust (dkt. no. 73) is granted as to Count IV only. Count IV of the Amended Complaint is dismissed. Defendants' Alternative Motion for Summary Judgment (dkt. no. 73) is granted as to Counts I, II and III. Plaintiff's Motion to Strike (dkt. no. 77) is denied. Plaintiff's Motion for Temporary Restraining Order (dkt. no. 10), Motion for Preliminary Injunction (dkt. no. 11), Motion in Limine (dkt. no. 80), and Motion for Evidentiary Hearing (dkt. no. 86) are denied as moot. Defendants' Motion to Stay (dkt. no. 84) is denied as moot.

The Clerk is ordered to enter judgment accordingly and close the case.

ENTERED THIS 26th day of March 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE